The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 Do cities have the constitutional right to exercise planning regulations in extra-territorial areas, in light of the fact that the people in the area have no right to vote in municipal elections?
It is my opinion that the answer to this question is, generally, "yes." That is, the constitutionality of cities' extraterritorial planning authority is not dependent upon the concomitant extension of the franchise to residents of that area. This seems clear from the case ofHolt Civic Club v. Tuscaloosa, 439 U.S. 60 (1978), wherein the United States Supreme Court rejected Equal Protection and Due Process challenges to an Alabama statute permitting cities to impose police regulations three miles beyond city limits. The Court found no claim cognizable under the U.S. Constitution, noting that:
 [n]o decision of this Court has extended the `one man, one vote' principle to individuals residing beyond the geographic confines of the governmental entity concerned, be it the State or its political subdivisions. On the contrary, our cases have uniformly recognized that a government unit may legitimately restrict the right to participate in its political processes to those who reside within its borders.
439 U.S. at 68-69 (citations omitted).
The Court noted the "logical appeal" of the claimed right to vote (id. at 70), but concluded that "[t]he line heretofore marked by the Court's voting qualifications decisions coincides with the geographical boundary of the governmental unit at issue. . . ." Id. The issue according to the Court, therefore, under the Equal Protection Clause of theFourteenth Amendment, was whether the Alabama statutes giving extraterritorial force to certain municipal powers "bear some rational relationship to a legitimate state purpose." Id. The Court pointed out that the Equal Protection Clause is offended "only if the statute's classification `rests on grounds wholly irrelevant to the achievement of the State's objective.'" Id. (citations omitted). The Court had little difficulty conceiving a state of facts justifying the state's system of police jurisdiction. Id. at 73-75. The primary significance of this case for purposes of your question, however, is the Court's rejection of constitutional challenges based upon governance without the franchise. The argument failed, the Court stated, because it proceeded from the erroneous assumption that those in the extraterritorial area had a right to vote in city elections. Id. at 75.
It thus may reasonably be concluded that a court will not negate a city's statutory extraterritorial planning authority simply because people in that area have no right to vote in municipal elections.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh